IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAVIER SANTOS,**

                Petitioner,

        v.                                  CASE NO. 04-3468-RDR

**COL. JAMES W. HARRISON, et al.,**

                Respondents.

**O R D E R**

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner seeks relief from his conviction in a court-martial.

**Background**

Petitioner was convicted, pursuant to pleas, of five specifications of aggravated assault and one specification of kidnaping and, following trial, of one specification of violation of a lawful order, two specifications of assault consummated by a battery, one specification of communicating a threat, and one specification of indecent assault. He was sentenced to reduction in rank to the grade of Private E-1, forfeiture of all pay and allowances, confinement for ten years, and a dishonorable discharge. The sentence was approved as adjudged, and petitioner received sentence credit of 181 days for his pretrial confinement.

Petitioner pursued appellate review in the Army Court of Criminal Appeals (ACCA) and in the Court of Appeals for the Armed Forces (CAAF). The ACCA upheld the findings of guilty and the sentence. (Doc. 6, Attach. E.) The CAAF denied the petition for grant of review. (Id., Attach. F and H.)

Petitioner seeks habeas corpus relief on the following grounds:

(1) He was not subject to court-martial jurisdiction because his enlistment was fraudulent due to intentional recruiter misconduct.

(2) There was unlawful interference with the attorney-client relationship due to the monitoring of petitioner's telephone contact with defense counsel.

(3) and (6) He was denied due process under Brady v. Maryland and under the Confrontation Clause due to the government's failure to disclose exculpatory evidence.

(4) and (5) He was denied the effective assistance of counsel due to defense counsel's errors, including failure to file motions to suppress, failure to object to prejudicial evidence, failure to adequately investigate the case, failure to locate or interview witnesses identified by the petitioner, failure to obtain the assistance of expert witnesses, and failure to investigate the scene of the assault.

## Discussion

**Standard of review**

The federal courts have limited authority to review decisions made in the courts-martial. Burns v. Wilson, 346 U.S. 137, 139, 142 (1953); Roberts v. Callahan, 321 F.3d 994 (10th Cir. 2003). When a military tribunal has dealt "fully and fairly" with a claim presented in a habeas petition, "it is not open to a federal civil

court to grant the writ simply to re-evaluate the evidence." Burns, 346 U.S. at 142.  An issue will be viewed as having received full and fair consideration when it has been briefed and argued in a military court, even if the court enters a summary ruling.  Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986).

In addition to these principles, the Tenth Circuit has adopted four factors to be used "for guidance in determining when to review a claim made in a habeas corpus petition" : (1) the alleged error must present a significant constitutional question; (2) the issue must be one of law rather than of fact already determined by the court-martial; (3) military considerations may warrant different treatment of the constitutional  claim; and (4) the military courts must have given adequate consideration to the claims presented and applied the proper legal standards.  Dodson v. Zelez, 917 F.3d 1250, 1252-53 (10th Cir. 1990).

The court has examined the materials submitted by the parties and finds that each claim advanced in this action was presented to the military courts.  While most of the claims were summarily denied, the CAAF granted review of petitioner's claims of violations of due process and the Confrontation Clause and issued a thorough and well-reasoned order.  U.S. v. Santos, 59 M.J. 317 (CAAF 2004).

The court finds the issues presented in this matter were given full and fair consideration under the standards announced in Watson, and has found no other circumstances warranting additional review of the petitioner's claims.  In light of the limited standard of review that applies in this action, the court concludes the petition for

3

habeas corpus must be denied.

    IT IS THEREFORE ORDERED the petition for habeas corpus is denied.

    Copies of this order shall be transmitted to the parties.

    **IT IS SO ORDERED**.

    DATED: This 6th day of October, 2006, at Topeka, Kansas.

                                           S/ Richard D. Rogers
                                           RICHARD D. ROGERS
                                           United States District Judge